UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAD BERO,

    Plaintiff,

    v.

EASTERN KNOX COUNTY
JOINT FIRE DISTRICT,

    Defendant.

Case No. 2:11-cv-411
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

**OPINION AND ORDER**

This matter is before the Court on Defendant's motion to dismiss (ECF No. 8) and Plaintiff's memorandum in opposition to Defendant's motion to dismiss (ECF No. 11). For the reasons that follow, the Court **GRANTS** Defendant's motion.

**I.  Background**

The facts in this section are taken from the complaint.

Plaintiff alleges that Defendant discriminated against him in his employment resulting in his constructive dismissal. Plaintiff claims that he was treated less favorably than his coworkers. Specifically, Plaintiff claims that Defendant disciplined him for violations of leave policy, posting comments on the internet, talking on his telephone during working hours, and not "talking with the guys I work with" while his coworkers engaged in the same or similar conduct and were not disciplined. (ECF No. 3 at 2.)

Plaintiff further alleges that he was retaliated against when he attempted to make use of the protections afforded him by his workplace union and arranged a meeting with a union

1

representative.  Plaintiff avers that after he arranged a meeting with the union representative, "it seem[ed] that every angle was taken to find wrongdoing in me and establish false reasoning to terminate me or find ways to make me resign."  *Id.* at 3.   Ultimately, Plaintiff resigned from his employment.

Plaintiff filed a claim with the Ohio Civil Rights Commission ("OCRC").  The OCRC investigated the complaint and found that the discrimination complained of by Plaintiff "did not fall under sanctions of the Civil Rights Commission."  (ECF No. 3 at 3.)  Plaintiff filed the complaint in this action on May 16, 2011.  Plaintiff asks for lost back and future wages, court costs, and monetary relief for pain and suffering.  Defendants filed a motion to dismiss the complaint in its entirety.  That motion is ripe for review.

## II.  Standards

### A.  Failure to State a Claim

Defendant moves to dismiss Plaintiff's discrimination claim for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

**B.  Subject Matter Jurisdiction**

Defendant moves to dismiss Plaintiff's retaliation claim for lack of subject matter jurisdiction.  Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure generally come in two varieties: a facial attack or a factual attack.  *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).  Defendant here mounts a facial attack on the subject matter jurisdiction alleged in the complaint, which questions merely the sufficiency of the pleading.  *Id.*  When reviewing a facial attack, a district court employs similar safeguards utilized under Rule 12(b)(6) motions by accepting the allegations in the complaint as true.  *Id.*

### III.  Discussion

Plaintiff, proceeding without the assistance of counsel, does not indicate specifically the claims for relief he alleges against Defendant.  A *pro se* litigant's pleadings, however, are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Defendants argue that Plaintiff's complaint alleges two possible claims for relief, *i.e.*, employment discrimination and retaliation for arranging a meeting with a union representative.  This Court agrees with Defendant's assessment.

**A.  Employment Discrimination**

"To establish a *prima facie* case of discrimination by the defendant, 'the plaintiff must show (1) that he is a member of a protected group, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was replaced by a

3

person outside of the protected class. . . . the fourth element may also be satisfied by showing that similarly situated non-protected employees were treated more favorably.' " *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002) (alteration in original) (quoting *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995)).  Here, Plaintiff has failed to allege that he is a member of a protected group.  Defendant argues that because of this failure, Plaintiff's discrimination claim fails to state a claim upon which relief may be granted.  This Court agrees.

Plaintiff does not dispute that he is not in a protected category, but instead argues that the Equal Employment Opportunity Commission ("EEOC") provides an option for discrimination suits to be filed in federal court and that Defendant has participated in wrongdoing.  First, it is true that upon deciding not to pursue a claim on behalf of a claimant, the EEOC is required to inform the party that he or she may file a case in federal court.  That fact, however, does nothing to save a claim that is filed in federal court from being dismissed for failure to state a claim that is plausible on its face.

Second, as to Plaintiff's continued claim that Defendant participated in wrongdoing by treating him unfairly, that too does nothing to save his claim.  As the United States Supreme Court repeatedly reminds litigants that Title VII "does not set forth 'a general civility code for the American workplace.' " *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (citing *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998)).  Title VII is meant to protect only individuals who are in protected categories based upon their race, color, religion, sex, or national origin:

It shall be an unlawful employment practice for an employer–

>     (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

42 U.S.C. § 2000e-2(a)(1).

Accordingly, the Court concludes that, even when accepting all Plaintiff's well pleaded facts as true, and making all reasonable inferences in his favor, Plaintiff has failed to state a discrimination claim upon which relief can be granted.

**B. Retaliation for Union Activity**

Defendant posits that Plaintiff's claim of retaliation for arranging a meeting with a union representative meets the state law definition of an unfair labor practice. Ohio Revised Code § 4117.11 provides that "[i]t is an unfair labor practice for a public employer, its agents, or representatives to . . . [i]nterfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances." Ohio Rev. Code § 4117.11(A)(1). The Revised Code also prohibits retaliation in the form of unfair or discriminatory treatment for exercising the rights provided under § 4117.11. Ohio Rev. Code § 4117.11(A)(3).

Defendant argues that this Court does not have jurisdiction over Plaintiff's claim of retaliation for union activity because the State Employment Relations Board ("SERB") exercises exclusive jurisdiction over claims brought pursuant to Ohio Revised Code § 4117. This Court agrees.

"It is well recognized that SERB is vested with exclusive initial jurisdiction over claims brought by public employees pursuant to § 4117." *Featherstone v. Columbus Pub. Schools*, 39

F. Supp. 2d 1020, 1025 (S.D. Ohio 1999) (citing *Holloman v. Greater Cleveland Reg'l Transit Auth.*, 1991 U.S. App. LEXIS 6904, 1991 WL 54885, at *3 (6th Cir. 1991); *Franklin County Law Enforcement Ass'n v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St. 3d 167, 170, 572 N.E.2d 87 (1991)).  A public employee is any person employed by a public employer, Ohio Rev. Code § 4117.01(C), and a public employer is defined as the state or any political subdivision of the state located entirely within the state, including any public or special district, such as the Eastern Knox County Joint Fire District, Ohio Rev. Code § 4117.01(B).

Consequently, Plaintiff was required to file his unfair labor practice claim initially with SERB, not the state or federal trial courts.  *Featherstone*, 39 F. Supp.2d at 1025.  "Jurisdiction over the employment rights of public employees properly rests initially with SERB, and Plaintiff must exhaust his state remedies before seeking redress in this Court."  *Id.*  This Court, therefore, has no jurisdiction over Plaintiff's unfair labor practice claim.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Eastern Knox County Joint Fire District's Motion to Dismiss.  (ECF No. 8.)  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

<u>/s/ Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT COURT**